### In re LE SUEUR COUNTY CO-OPERATIVE CO.†
### DROZDA v. GALBRAITH et al.

(Circuit Court of Appeals, Eighth Circuit. March 18, 1912.)

No. 117.

BANKRUPTCY (§ 308*)—CLAIMS—GENERAL CREDITORS.

Pursuant to the articles of incorporation of the bankrupt and its by-laws, a contract was made between it and the claimant, by which the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied July 8, 1912.

latter sold to the corporation his stock of merchandise, valued at $5,-427.36. and agreed to take in pay therefor excess shares of the stock of the corporation, which by the terms of the articles of incorporation, its by-laws, and the contract were to remain in the control of the corporation and sold by it, the proceeds to be paid to the claimant. Enough had been sold to pay to claimant $2,391.12, when the corporation went into bankruptcy. *Held*, that claimant under such transaction did not become a general creditor of the corporation so as to authorize proof of his claim for the balance against the bankrupt's estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 496–507; Dec. Dig. § 308.*]

Petition to Revise an Order of the District Court of the United States for the District of Minnesota.

In the matter of the estate of the Le Sueur County Co-operative Company, bankrupt. Petition by J. M. Drozda against John P. Galbraith and others, trustees, to revise an order (186 Fed. 953) disallowing petitioner's claim. Affirmed.

Fredrick L. McGhee, for petitioner.

E. H. Morphy, Frank H. Ewing, and John M. Bradford, for respondents.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. A petition to revise an order of the United States District Court for the District of Minnesota, made April 27, 1911, disallowing the claim of petitioner against the estate of the Le Sueur County Co-operative Company, a bankrupt, was filed in this court September 16, 1911. Service of notice of the filing of such petition was waived by the respondents, and, as no pleading or response has been filed to the petition, the facts upon which the question of law arises are to be found in the petition and the exhibits attached thereto. The petition and exhibits disclose the following facts:

The petitioner, on August 1, 1907, was the owner of a going merchandise business at Lonsdale, Le Sueur county, Minn. The stock in trade was of the appraised value of $5,427.36. On that day he proposed to turn over to the bankrupt said stock in accordance with the terms set forth in section 16a, art. 6, of the by-laws of said bankrupt, hereinafter quoted, and on the further condition that said petitioner should be entitled to a credit on the books of the bankrupt for a sufficient amount of the excess shares of said bankrupt to pay for said stock of merchandise, and on which he should be entitled to capital stock dividends at the same rate as other stockholders, but not in excess of the net profits in any one year; said excess shares to be held in trust by the board of directors of said bankrupt until they could be disposed of to new members or otherwise, and to bear their proportion of any loss or damage. Said proposition also provided that the petitioner should hold but one share certificate.

This proposal was accepted by the bankrupt, and the stock turned over at the appraised valuation hereinbefore mentioned, from which $100 was deducted to pay for one share of stock actually issued to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the petitioner, whereupon the certificate of credit hereinafter set forth was issued to him. From time to time thereafter during the continuance in business of the bankrupt there was paid from the sale of such excess shares and from dues the sum of $2,391.12. Section 16a of article 6 of the by-laws of the bankrupt, above mentioned, is as follows:

"Sec. 16a. The directors are authorized to purchase established stores and other industries at their proper inventory value, and to pay for same in whole or in part in fully paid-up shares of the capital stock of this corporation at par value in accordance with section 5, article IV, of these by-laws, subject to the following conditions:

"Third. When said inventory has been properly taken and the total value of the business to be purchased has been ascertained and agreed upon. shares of capital stock in this corporation at par value to the amount of said inventory may be given as full and final payment for any said business; provided the person or persons accepting said shares of capital stock for said business will deposit with the directors of this corporation all of said shares of stock in excess of the equal share $100 worth or the vendor shall at the option of the board of directors take a proper credit on the books of the corporation for all his excess shares, being for the amount of said inventory less the one equal share for himself. Said shares, so deposited, to be held in trust by the directors of this incorporation. To be sold as rapidly as possible to new members, in lots of not less or more than $100 worth to any one person or otherwise, and, as the said shares so deposited are sold and paid for. the proceeds of said sales shall be paid to the owners of said shares of capital stock."

The certificate of credit hereinbefore referred to is as follows:

### "Certificate of Credit.

"This is to certify that the board of directors of the Le Sueur County Co-operative Company of Montgomery and state of Minnesota, has authorized that there be credited on the books of said company an amount equal to the par value of five thousand ninety-four and 18/100 dollars (5,094.18) shares of its capital stock in the name of J. M. Drozda, of Lonsdale, Minnesota, said credit to be held in trust for said J. M. Drozda for the purpose and until it can be disposed of to new members or otherwise, and as additional shares in the Lonsdale department of said company are sold and paid for, the proceeds of said sales shall be paid to said J. M. Drozda in the reduction of the above credit.

"It is further understood and agreed that the amount so held in trust for said J. M. Drozda shall be entitled to draw interest at the same rate as that drawn by shareholders as capital stock dividends. but not to exceed six (6%) per cent. per annum nor in excess of the net profits in any year, nor shall said J. M. Drozda be entitled to more than one vote at any election or meeting of said company, all these provisions being in accordance with the by-laws of said company.

"Dated at Montgomery, state of Minnesota, this 22nd day of October, A. D. 1907.                  Le Sueur County Co-operative Company,
                                          "By H. M. Meyer, President,
                                          "By Benjamin Richter, Secretary."

The petitioner presented in the court below a claim against the estate of the bankrupt for the difference between the inventory value of the stock of merchandise. less the credits properly chargeable against the same, and said claim was allowed by the referee in the sum of $2,467.46, with interest at 6 per cent. per annum from September 19, 1907. Upon review of this order of the referee, the United States District Court for the District of Minnesota decided

that the petitioner was not a creditor of the estate of the bankrupt, and disallowed his claim.

We think the action of the District Court was right. Section 16a, hereinbefore quoted, authorized the directors to purchase established stores and other industries with paid-up shares of the capital stock of the bankrupt. The petitioner turned over his stock of merchandise, and by the express language of his proposal he turned it over under the terms and conditions of section 16a. The conclusion necessarily follows that the petitioner agreed to receive, and did receive, in payment for his stock of merchandise the fully paid-up shares of stock of the corporation, one share of which was paid for by taking $100 from the inventory value of the merchandise and which was actually issued to him, and the other fully paid-up shares were held by the directors of the bankrupt in trust for the owner thereof.

Just what the purpose of holding the shares in trust by the directors was does not clearly appear, but it may be presumed that the corporation desired to control the sale of the stock. For the purpose of determining what the petitioner was to receive for his stock of merchandise, however, it is immaterial whether the stock was issued and delivered to him, or whether part of it was delivered and part of it held in trust by the directors. What he received and what he agreed to receive was the stock of the corporation. This being so, he never became a creditor of the corporation. He took the stock in payment for his merchandise, and the directors of the corporation became his agents for the purpose of disposing of the stock and turning the proceeds over to him. In taking stock in payment he ran the risk of the bankruptcy of the corporation, and also by the very terms of his contract he was entitled to dividends if the corporation made money. The corporation having failed in business, the petitioner must stand the loss resulting from his contract and may not now repudiate the contract and seek to establish a claim against the corporation as a creditor.

The decree of the District Court must be affirmed.

And it is so ordered.